[ iFITZSIMMONS, Judge,
concurring, with reasons.
Whether Louisiana law allows recovery of a punitive damage award for tortious interference is not the focus of this ease. The fact that the award could not have been validly or legally earned in Louisiana does not in itself exempt the income from the definition of taxable income. Illegally acquired income can be taxed. Indeed, the failure to declare and pay tax on illegal transactions can be the basis for a criminal investigation and conviction. Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833 (1952).
The pertinent inquiry is whether the punitive damages income was earned or derived from sources in Louisiana and thus qualified as a Louisiana apportionment. See La.R.S. 47:241, 287.11, 287.67, *386 & 287.69. After a review of the facts of this particular case, the record reasonably supports a finding that punitive damages in this case did not derive from and cannot be attributed to a source in Louisiana. The punitive damages award arose from wrongful conduct that occurred in Texas, where the business between the two litigants was transacted. Thus, I respectfully concur.